## MORGAN ET ALS. *vs.* DALTON.

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

A syndic whose functions have not expired, may demand that the insolvent, who has come to better fortune, should surrender his newly acquired property; and in such a case the petition need not be sworn to. But the judgment must not be absolute; it must be to account, and an allowance must be made for the relief of the insolvent and his family.

This suit was brought in the name of Morgan, *syndic,* and McGill, a creditor of the insolvent Dalton, to compel the latter to deliver up, to satisfy his creditors, and particularly to pay McGill's claim, new property, which he had acquired since his failure, and which the petition alleged to be more than sufficient for the maintenance of his family.

The defendant excepted to the action on the grounds, 1st. That it included different and inconsistent causes of action. 2d. That the period granted by law for opposing the defendant's proceedings against his creditors on the grounds

alleged, had expired; and 3d. That the petition was not sworn to. These exceptions were overruled, and the defendant pleaded the general issue. There was judgment for the plaintiffs, and particularly for the amount of McGill's claim.

*Buchanan,* for plaintiffs. *McCaleb,* for appellees.

*Martin, J.* delivered the opinion of the court.

Morgan, syndic of the defendant's creditors, and McGill, one of them, allege he has, since his cession, come to better fortune; that the estate he had surrendered has not produced one cent, and the property he has since acquired is more than sufficient for his and his family's subsistence. They, therefore, pray he may be decreed to a new surrender for the payment of his creditors, and particularly McGill.

He excepted to the petition, as containing different and inconsistent claims; as the legal period for closing the proceedings instituted by him against his creditors was yet unexpired, and on account of a want of an affidavit annexed to the petition.

These exceptions were overruled, and he pleaded the general issue. There was judgment for the plaintiffs, and particularly for McGill to the amount of his claim. The defendant appealed.

A syndic whose functions have not expired, may demand that the insolvent, who has come to better fortune, should surrender his newly acquired property—and in such case the petition need not be sworn to—but the judgment must not be absolute—it must be to account, and an allowance must be made for the relief of the insolvent and his family.

It appears to us the parish court was correct in overruling the exceptions; the petition included no inconsistent claim. Had the proceedings on the *concurso* been closed, and the syndic become *functus officio,* the present suit could not perhaps have been supported by him, and we know no law requiring a petition like the present to be sworn to.

We think the judge did not err in concluding that the fact of the defendant having come to better fortune was proved.

By the *act of* 1817, 2 *Moreau's Digest,* 432, a ceding debtor, whose property is insufficient for the discharge of his debt, is required (if he acquires other property,) to surrender it to the amount by him due; creditors posterior to the *cession,* being therein preferred to prior ones, on the newly acquired

property; but means of subsistence must be left to him for himself and family.

But the Parish Court, in our opinion, erred in giving judgment in favor of McGill absolutely. The newly acquired property, to be surrendered, must be first applied to the payment of debts posterior to the cession. Prior creditors must next come in according to their ranks. The appellee, McGill, on joining his co-plaintiff, the syndic, has recognised the latter's capacity to represent him, as well as his co-creditors; all of whom having a legal representative in the syndic, are precluded from instituting individual suits.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be annulled, avoided and reversed, and proceeding to pronounce here the judgment which in our opinion should have been given below, it is ordered, that the appellant give an account of the property in his possession, and that the case be remanded to the Parish Court to receive or compel such an account; to make to the appellants a proper allotment of part thereof, for the subsistence of himself and family, and to compel him to surrender the remainder, to be disposed of according to law. The costs in both courts, as far as regards the appellee, McGill, to be borne by him; in this court as far as they concern the appellee, Morgan, by the estate, and the remainder of the costs below by the appellants.